**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4024

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRELL ROBERT GREENE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:04-cr-00117-LHT-10)

Submitted: July 31, 2008          Decided: August 7, 2008

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, LAW OFFICES OF RANDOLPH M. LEE, Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Robert Greene appeals his conviction and sentence of 121 months' imprisonment and four years' supervised release, following his guilty plea to conspiracy to manufacture and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841, 846 (2000). On appeal, Greene claims that, but for the ineffective assistance of counsel in failing to object to the application of enhancements to his sentence, his sentence would have be lower.[1]

As Greene acknowledges, his claim of ineffective assistance of counsel must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000), unless it conclusively appears from the face of the record that his counsel was ineffective. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

Greene can make no such showing in this case. Evidence supports the district court's enhancements pursuant to USSG § 2D1.1(b)(1) (2004), based on Greene's possession of a firearm during the course of the conspiracy, and to USSG § 2D1.1(b)(6)(B), based on his having created a substantial risk of harm to the environment as a result of his methamphetamine manufacturing

---

[1]Greene does not otherwise challenge his conviction, or the knowing and voluntary nature of his plea, nor does he challenge his admitted responsibility for an amount of methamphetamine of more than 35 grams but less than 50 grams, placing him at an attendant base offense level of 30, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(5) (2004).

conduct.  Thus, Greene cannot prove prejudice in his attorney's failure to object to the enhancements,[2] based on the face of the record, such that we would entertain Greene's claim of ineffective assistance on direct appeal.  Accordingly, we affirm Greene's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2]See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

- 3 -